[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The parties were married on April 11, 1981 and have resided continuously in this state for more than twelve (12) months prior to the filing of the complaint in this matter. The marriage has CT Page 13990 broken down irretrievably. The causes of the marital breakdown are attributable to both parties equally. There are three minor children of the marriage: Jacklyn, born May 28, 1982; Ashley, born October 21, 1985; and Taylor Ann, born February 26, 1992. Jacklyn is a Down's syndrome child with the comprehension of a five year old. In addition, she has a defective heart.
The wife has been receiving state aid since May, 1995, consisting of $741 per month, plus $200 in food stamps, plus Title 19 medical benefits.
The husband is forty (40) years of age and claims to have had two heart attacks in November, 1994. No medical evidence of the nature or severity of this claim condition was offered by either party. The husband appears robust and describes a life style that does not seem to be limited by physical problems. The husband completed the ninth grade and then served in the navy for four years. He now conducts a cabinet business known as "Kitchens by Benson" which was purchased by the parties from the husband's parents. The husband would ask the court to believe that this is a failing business with no expectation of continuing. The wife has presented evidence of manipulation by the husband, of the business records, to create this picture of economic doom. The court, having examined the various exhibits concerning the conduct of said business, and weighing the testimony of the accountant and the parties, is persuaded that the husband is generating directly or indirectly a take home income of $1,000 per week.
The wife is thirty-five (35) years old and in good health. From December of 1992 until the husband terminated her in March of 1994, the wife was the bookkeeper for Kitchens by Benson. She has good bookkeeping skills, including computer bookkeeping. The wife at present has the responsibility of three children, the oldest with Down's syndrome and the youngest four years old.
The court, in allocating the appropriate distribution of assets, and the award of alimony and child support, has reviewed the provisions of Connecticut General Statutes § 46b-82 and § 46b-81 and the Connecticut Child Support Guidelines.
The parties own real property known as 17 Hawthorne Cove in Brookfield. The property has a fair market value of $180,000 to $200,000. The property is subject to a first mortgage to People's Bank with a balance of $172,000, together with liens by the CT Page 13991 I.R.S; Danbury Hospital; the State of Connecticut, by a welfare lien; and a claim by Wayne McCormack. The wife and children reside in said premises. The husband is ordered to bring the People's Bank mortgage, town taxes, home owner's insurance premiums and electric power bill current within sixty (60) days hereof. At that time, the husband will quitclaim to the wife the husband's interest in said property and will hold the wife harmless for all liens on said property, except the People's Bank mortgage and the town taxes, which the wife must pay as the future payments come due, and the wife will hold the husband harmless for the mortgage and town taxes.
The wife is to transfer to the husband her ownership of the fifty (50) shares of Kitchens by Benson within sixty (60) days hereof. The husband will hold the wife harmless from all obligations of the business, including any balances due husband's parents from the wife for the aforementioned stock. The husband is to pay to the wife for this transfer, the sum of $5,000 per year for six (6) years, beginning one year from the date hereof, without interest, if payments are punctually made, otherwise the entire unpaid remaining balance of payments will earn interest at the rate of 8 percent per annum until the delinquency is cured and earned interest paid. The wife is to have no interest in Benson Construction.
The parties will retain joint custody of the minor children; however, the wife is designated as the primary residential parent. The husband is award reasonable, liberal and flexible rights of visitation with the children, including each Wednesday from 5:30 p.m. to 7:30 p.m., and every other Friday from 5:30 p.m. to 8:00 p.m. On each weekend not preceded by a Friday visit, visitation will be overnight from 1:00 p.m. on Saturday to 8:00 p.m. on Sunday.
Based on the husband's take home income, either directly paid or indirectly paid to the husband of $1,000 weekly, the court orders support payments for the minor children by the husband to the wife of $375 weekly beginning one week from the date hereof. Child support shall continue until each child reaches eighteen (18) years of age.
Based on the wife's training and potential for employment while caring for the minor children, the husband is ordered to pay $175 weekly alimony to the wife for a term of six (6) years starting one week from the date hereof. Alimony is to terminate CT Page 13992 upon wife's remarriage or her cohabitation as defined by statute.
The husband will maintain medical and dental insurance for each of the minor children until each child reaches eighteen (18) years of age. All unreimbursed medical expenses shall be paid by the husband until the wife's alimony terminates. After that date, all unreimbursed medical expenses shall be split equally. Procedures not covered by medical insurance, and not the result of an emergency, may not be incurred without the husband's approval unless shared equally.
The husband will maintain life insurance in the sum of $125,000, and will name the wife as the irrevocable beneficiary of said policy, as trustee for the minor children, until all child support ends. The wife will name the minor children as irrevocable beneficiary of all life insurance she presently has insuring her life while they are minors.
The Lincoln Mark VII owned by the husband will be transferred by the husband to the wife within thirty (30) days hereof.
All personal property now in the possession of each party will be the sole property of that party with the exception of any hand tools and tool box, two pictures in goldlike frames with an oriental motif, and any books, records, computer disks, computer programs, computer printouts, checks or statements of Kitchens by Benson in the possession of the wife which she will deliver to the husband within thirty (30) days hereof.
Each party shall pay the liabilities listed in their financial affidavits, dated August 16, 1995, and hold the other party harmless for said liabilities.
The husband will pay within six (6) months hereof the sum of $2,000 to the wife toward her attorney's fees.
Judgment of dissolution may enter in favor of the plaintiff in accordance with the foregoing.
Stodolink, J. CT Page 13993